UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| K.G.J. (a minor child), through parents and next friends MICHAEL and JENNIFER JOHNSON<br><br>    Plaintiff,<br><br>v.<br><br>HAMILTON COUNTY GOVERNMENT,<br><br>DEPUTY DANIEL WILKEY, in his capacity as a deputy sheriff for Hamilton County Government and, in his individual capacity,<br><br>DEPUTY TYLER MCRAE, in his capacity as a deputy sheriff for Hamilton County Government and, in his individual capacity,<br><br>    Defendants. | No. 1:20-cv-00017-TRM-CHS<br><br>Judge McDonough<br>Magistrate Judge Steger |

## ANSWER OF HAMILTON COUNTY

Hamilton County Government ("Hamilton County" or "the County"), shows the following in Answer to the Complaint (Doc. 1-1) against it:

### INTRODUCTION

1. <u>Paragraphs 1</u> and <u>2</u> of the Complaint are admitted as to the Plaintiff bringing this action. All allegations of wrongdoing by the County, however, are denied.

2. Without the aid of discovery, Hamilton County can neither admit nor deny <u>Paragraph 3</u> of the Complaint and strict proof is demanded.

3. <u>Paragraphs 4</u> and <u>5</u> of the Complaint are admitted to the extent that the Deputies were employed by the Hamilton County Sheriff's Office ("HCSO") on the date in question.

Page **1** of **9**

Case 1:20-cv-00017-TRM-CHS   Document 11   Filed 01/24/20   Page 1 of 9   PageID #: 50

Without the aid of discovery, however, Hamilton County can neither admit nor deny whether the individual officers acted in the course and scope of their duties relative to this incident, and strict proof is demanded. All allegations of wrongdoing by the County, however, are denied.

4. Paragraph 6 of the Complaint is denied.

5. Without the aid of discovery, Hamilton County can neither admit nor deny the allegations contained in Paragraph 7 of the Complaint. All allegations of wrongdoing by the County, however, are denied.

6. Paragraph 8 of the Complaint are admitted as to the action that was removed to this Court on January 15, 2019. (Doc. 1).

7. Without the aid of discovery, Hamilton County can neither admit nor deny Paragraph 9a of the Complaint, and strict proof is demanded; Paragraph 9b is denied as to the residences of the individual Defendants but is admitted as to their employment with the Hamilton County Sheriff's Office; and Paragraph 9c is admitted.

8. Without the aid of discovery, Hamilton County can neither admit nor deny the allegations contained in Paragraph 10 of the Complaint, and strict proof is demanded.

9. Paragraph 11 of the Complaint is admitted. Paragraphs 11a and 11b of the Complaint are admitted in part and denied in part. It is admitted that Hamilton County provides funding for the HCSO. It is denied, however, that Hamilton County provides rules and regulations for the operation of the HCSO or that it provides oversight as to hiring, training, discipline or retention of HCSO personnel.

10. Paragraph 12 of the Complaint is denied as stated. The Hamilton County Sheriff's Office is created by statutes enacted by the Tennessee legislature, and not Hamilton County,

Tennessee. Paragraphs 12a through 12e of the Complaint are legal conclusions to which no response is required. All allegations of wrongdoing as to the County, however, are denied.

11. Paragraph 13 of the Complaint is admitted as to the Plaintiff bringing suit; however, all allegations of wrongdoing on the part of the County are denied.

12. Paragraph 14 of the Complaint is admitted as to the employment of the individual Defendants and the nature of the suit. Without the aid of discovery, however, Hamilton County can neither admit nor deny whether the individual officers acted in the course and scope of their duties relative to this incident, and strict proof is demanded. All allegations of wrongdoing by the County, however, are denied.

**FACTUAL BASIS**

13. Without the aid of discovery, Hamilton County can neither admit nor deny the allegations contained in Paragraphs 15 through 64 of the Complaint, and strict proof is demanded. All allegations of wrongdoing by the County, however, are denied.

14. Paragraphs 65 through 69 of the Complaint contain conclusory allegations previously made by a plaintiff in a completely unrelated matter, and to which Hamilton County and/or other defendants appropriately responded through individual answers to a complaint; therefore, no response is required here. Further, the allegations are either mischaracterizations of events or are simply incorrect statements, which have been and are presently denied.

15. Paragraphs 70 through 77 of the Complaint contain conclusory allegations previously made by a plaintiff in a completely unrelated matter, and to which Hamilton County and/or other defendants appropriately responded through individual answers to a complaint; therefore, no response is required here. Further, the allegations are either mischaracterizations

of events or are simply incorrect statements. Additionally, criminal prosecutions are handled by the State of Tennessee over which Hamilton County has no control. In further response, Hendrix' death occurred as the result of his failure to comply with law enforcement commands.

16. Paragraphs 78 through 88 of the Complaint state conclusory allegations based upon newspaper accounts which are incomplete. The matter is currently under investigation by outside agencies, and the deputy involved has yet to have the benefit of the completion of any investigation(s), much less the benefit of due process.

17. Paragraph 89 of the Complaint is admitted.

18. Paragraph 90 of the Complaint is admitted; however, the Plaintiff has taken the statement out of context. Further, the remarks were made on or about January 14, 2012, to the Brainerd Kiwanis Club, regarding dealing with gangs. At the same meeting, he further mentioned the need to prevent young people from getting into gangs in the first place.

19. Paragraph 91 and 92 of the Complaint are admitted. Any statement regarding Blake Kilpatrick is unrelated to this matter. The statements made by Sheriff Hammond at the press conference scheduled by District Attorney General Neal Pinkston were made based on the information in his possession at that time. The Sheriff further stated that an Internal Affairs investigation was being conducted, and that he was committed to the transparency and accountability of the Sheriff's Office and its personnel.

20. Paragraph 93 of the Complaint of the Complaint contains conclusory allegations previously made by a plaintiff in a completely unrelated matter while Wilkey was employed by a different law enforcement agency. That matter was resolved by both a Rhea County Sheriff's Office Internal Affairs investigation finding that Deputy Wilkey had not violated any policies or

procedures and findings by the Tennessee Bureau of Investigation that exonerated Wilkey. Paragraph 93a of the Complaint is denied.

21. Paragraph 94 of the Complaint are denied.

22. Paragraph 95 of the Complaint is admitted; however, it is noted that Deputy Wilkey has not yet had the complete benefit of due process relative to those charges which are unrelated to this matter. Paragraph 95a is denied.

23. Paragraph 96 of the Complaint is denied.

24. No response is required of Hamilton County to Paragraphs 97 through 99 of the Complaint. Any alleged wrongdoing on the part of the County, however, is denied.

25. Paragraph 100 of the Complaint is admitted upon information and belief.

26. Without the aid of discovery, Hamilton County can neither admit nor deny Paragraph 101 of the Complaint, and strict proof is demanded.

27. Paragraph 102 of the Complaint contains legal conclusions to which no response is required. Any alleged wrongdoing on the part of the County, however, is denied.

28. Paragraph 103 of the Complaint is denied.

29. No response is required of Hamilton County to Paragraph 104 of the Complaint. Any alleged wrongdoing on the part of the County, however, is denied.

30. Paragraphs 105 and 110 of the Complaint of the Complaint contain legal conclusions to which no response is required. Any alleged wrongdoing on the part of the County, however, is denied.

31. Paragraphs 111 through 120 of the Complaint are denied.

32. Paragraph 121 of the Complaint is admitted as to the Plaintiff filing suit. Any alleged wrongdoing by the County, however, is denied.

33. No response is required of Hamilton County to Paragraph 122 of the Complaint. Any alleged wrongdoing on the part of the County, however, is denied.

34. Paragraphs 123 through 128 of the Complaint of the Complaint contain legal conclusions to which no response is required. Any alleged wrongdoing on the part of the County, however, is denied.

35. Paragraphs 129 through 141 of the Complaint are denied.

36. Paragraph 142 of the Complaint is admitted as to the Plaintiff filing suit. Any alleged wrongdoing by the County, however, is denied.

37. No response is required of Hamilton County to Paragraph 143 of the Complaint. Any alleged wrongdoing on the part of the County, however, is denied.

38. Paragraphs 144 and 145 of the Complaint of the Complaint contain legal conclusions to which no response is required. Any alleged wrongdoing on the part of the County, however, is denied.

39. Paragraphs 146 through 158 of the Complaint are denied.

40. Paragraph 159 of the Complaint is admitted as to the Plaintiff filing suit. Any alleged wrongdoing by the County, however, is denied.

41. No response is required of Hamilton County to Paragraph 160 of the Complaint. Any alleged wrongdoing on the part of the County, however, is denied.

42. Paragraphs 161 through 165 of the Complaint of the Complaint contain legal conclusions to which no response is required. Any alleged wrongdoing on the part of the County, however, is denied.

43. Paragraph 166 of the Complaint is denied.

44. Paragraph 167 of the Complaint is admitted as to the Plaintiff filing suit. Any alleged wrongdoing by the County, however, is denied.

45. No response is required of Hamilton County to Paragraphs 168 through 181 of the Complaint. Any alleged wrongdoing on the part of the County, however, is denied.

46. Hamilton County denies that it violated the Plaintiffs' constitutional rights as alleged in Paragraph A of the Demand portion of the Complaint and further denies that the Plaintiff is entitled to any damages from it.

47. Any allegation in the Complaint not hereinabove admitted, denied or otherwise controverted is hereby denied.

**AFFIRMATIVE DEFENSES**

48. The Complaint fails to state a claim and/or cause of action against Hamilton County upon which relief can be granted.

49. To the extent that any state law claims are alleged in the Complaint, all such claims of the Plaintiffs are governed by T.C.A. § 29-20-101, *et seq.*, the Tennessee Governmental Tort Liability Act, ("GTLA") and Hamilton County is entitled to all defenses, immunities, and protections of said Act.

50. Hamilton County cannot be held liable for any damages claimed by the Plaintiff on the grounds that the injury sustained by the Plaintiff was not proximately caused by or directly related to any unconstitutional practice on the part of the County.

51. Hamilton County states that the Plaintiff's actions constitute comparative fault, which either entirely bars recovery from Hamilton County or reduces any recovery against the County commensurate with the comparative fault of the Plaintiff.

52. Hamilton County further states that, relative to the Plaintiff's claims under GTLA, a jury trial is not applicable.

53. Hamilton County acted at all times in accordance with common law, statutory law, and constitutional obligations without any actual intent to cause the Plaintiffs harm.

54. Any liability of Hamilton County for punitive damages is denied and is limited by the Due Process Clause of the United States Constitution.

55. The Plaintiffs' claims fail to rise to the level of constitutional violations sufficient to state a claim pursuant to 42 U.S.C. § 1983 ("Section 1983").

56. The Plaintiffs' claims brought against Hamilton County pursuant to Section 1983 fail to state a claim upon which relief can be granted on a *respondeat superior* theory of liability.

57. Hamilton County was not deliberately indifferent.

58. To the extent that the Plaintiffs raise a claim pursuant to the provisions of the Tennessee Constitution, Tennessee does not recognize a private cause of action for violations of the Tennessee Constitution.

59. The Hamilton County Sheriff's Office appoints only individuals who meet the minimum qualifications for police officers found in *Tenn. Code Ann.* § 38-8-106.

60. Hamilton County asserts an intent to seek attorney fees and costs of litigation as to federal claims made against it by K.G.J. (a minor child), through parents and next friends Michael and Jennifer Johnson, as a prevailing party pursuant to *F.R.Civ.P.* 54.

61. Hamilton County is presently without information as to the availability or applicability of any other affirmative defenses, in addition to those plead above, and reserves the right to amend its Answer to plead any affirmative defenses or matters of avoidance.

Wherefore, having fully answered, Hamilton County prays that it be dismissed with costs assessed against the Plaintiffs.

HAMILTON COUNTY ATTORNEY'S OFFICE

By: s/*Sharon M. Milling*
R. Dee Hobbs, BPR No. 10482
Sharon McMullan Milling, BPR No. 36876
625 Georgia Avenue, Suite 204
Chattanooga, TN 37402
Phone/Fax: 423-209-6150/6151

**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of January, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

s/*Sharon M. Milling*