IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| K.G.J., A MINOR CHILD THROUGH PARENTS & NEXT FRIENDS MICHAEL & JENNIFER JOHNSON<br>    Plaintiff,<br><br>v.<br><br>HAMILTON COUNTY GOVERNMENT,<br>DEPUTY TYLER McRAE IN HIS OFFICAL<br>CAPACITY AS A DEPUTY SHERIFF FOR<br>HAMILTON COUNTY GOVERNMENT AND<br>IN HIS INDIVIDUAL CAPACITY<br><br>DEPUTY DANIEL WILKEY IN HIS OFFICIAL<br>CAPACITY AS A DEPUTY SHERIFF FOR<br>HAMILTON COUNTY GOVERNMENT AND<br>IN HIS INDIVIDUAL CAPACITY,<br><br>    Defendants. | No. 1:20-cv-00017<br><br>Jury Demand |

## DEFENDANT DANIEL WILKEY'S ANSWER

Comes now Deputy Daniel Wilkey (hereinafter "Wilkey") and for answer to the complaint filed against him would show to the court as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Wilkey specifically asserts that he was acting in good faith and in the good-faith performance of his job and duties for which he is entitled to the defense of qualified immunity or good faith immunity from any of Plaintiff's actions in the reasonable performance of his duties as it relates to this Plaintiff.

## THIRD DEFENSE

To the extent that any of the Plaintiff's claims can be considered a Tennessee tort law claim, Wilkey specifically asserts the defense of comparative fault. Wilkey specifically asserts that the Plaintiff was guilty of comparative fault and that her fault constitutes 100% of the fault, thereby barring her claims as a matter of law.

## FOURTH DEFENSE

Wilkey denies that he deprived the Plaintiff of any of her constitutional rights or that in any way he violated Title 42 U.S.C. § 1983 or of the United States Code, the United States Constitution, the Tennessee Constitution, the common law of Tennessee or any Tennessee statute by performing his duties during his response to the traffic stop, and the events that followed.

## FIFTH DEFENSE

Wilkey would submit that neither Hamilton County nor any official policymaker adopted any policy, custom, or practice as to the use of force or the arrest power with deliberate indifference or malice or sadistic motive contrary to the rights of the Plaintiff. Further, that no actions by Hamilton County or any official policymaker was intended to deprive the Plaintiff of due process of law. Wilkey would show that there was no malicious or sadistic action by him, or any officer, and that no action of such officers occurred as a result of any unconstitutional policy, custom, or practice adopted by Hamilton County.

## SIXTH DEFENSE

Wilkey asserts that his actions were objectively reasonable in connection with the attempt to respond to a traffic stop. Wilkey denies that he used any excessive force against the Plaintiff.

## SEVENTH DEFENSE

The Defendant named in this lawsuit is entitled to be dismissed from it in their official capacities as any action against them in their official capacity is actually brought against a governmental entity, Hamilton County, which is already named as a Defendant in this lawsuit.

**EIGHTH DEFENSE**

In the alternative, Wilkey specifically asserts all defenses applicable to him under the Tennessee Governmental Tort Liability Act "TGTLA", Tenn. Code Ann. § 29-20-101 *et seq.*, and incorporates by reference herein all defenses specified therein. In particular, Wilkey relies upon the following provisions:

A. Tenn. Code Ann. § 29-20-205 sets out nine (9) specific exceptions from liability where negligent acts or omissions of any employee occur within the scope of employment, including, but not limited to:

    i. Tenn. Code Ann. § 29-20-205(1): The exercise or performance or the failure to exercise or perform a discretionary function, whether or not the discretion is abused.

    ii. Tenn. Code Ann. § 29-20-205(2): False imprisonment pursuant to a traffic stop, false arrest, malicious prosecution, intentional trespass, abuse of process, libel, slander, deceit, interference with contract rights, infliction of mental anguish, invasion of privacy, or civil rights.

    iii. Tenn. Code Ann. § 29-20-205(5): The institution or prosecution of any judicial or administrative proceeding, even if malicious or without probable cause.

    iv. Tenn. Code Ann. § 29-20-205(6): Misrepresentation by an employee whether or not such is negligent or intentional.

B. Tenn. Code Ann. § 29-20-307 provides for the right to trial without a jury;

C. Tenn. Code Ann. § 29-20-403 limits any liability of governmental entities to the statutory limits of liability applicable as of July 7, 2012.

## NINTH DEFENSE

Wilkey in his official capacities, is immune from liability and not a proper party under the TGTLA for an act or omission for which the immunity of the governmental entity is removed by the TGTLA.

## TENTH DEFENSE

The Plaintiff's Complaint is barred by the applicable statute of limitations or laches.

## ELEVENTH DEFENSE

Wilkey is presently without information as to the availability or applicability of any other affirmative defenses, in addition to those plead above, and reserves the right to amend his Answer to plead any affirmative defenses or matters of avoidance.

## TWELFTH DEFENSE

Wilkey asserts an intent to seek attorneys' fees and costs as to state law claims made against them as a prevailing party having been sued in their individual capacities for actions taken in their official capacities and under color of law pursuant to Tenn. Code Ann. § 29-20-113(a).

## THIRTEENTH DEFENSE

With respect to the specific allegations of the complaint, Wilkey responds as follows:

1. The allegations contained in paragraph 1 are denied.

2. The allegations contained in paragraph 2 do not require a response from this Defendant.

3. Wilkey is without sufficient information and knowledge to form a belief as to the allegations contained in paragraph 3 and therefore denies the same.

4. The allegations contained in paragraph 4 are admitted.

5. The allegations contained in paragraph 5 do not address Wilkey and therefore do not require a response from him.

6. The allegations contained in paragraph 6 are denied.

7. The allegations contained in paragraph 7 are denied.

8. Wilkey admits this Court has jurisdiction over these claims as does the United States District Court. The remaining allegations are denied.

9. Wilkey admits that venue is appropriate in both Hamilton County Circuit Court and the United States District Court. Wilkey admits that Hamilton County is a political subdivision of the State of Tennessee. Wilkey admits that he performed his livelihood as an employee of Hamilton County, TN within Hamilton County, TN. Wilkey is without sufficient information or knowledge to form a belief as to the residence of Defendant McRae or the Plaintiff and therefore denies the same. All remaining allegations are denied.

10. The allegations contained in paragraph 10 are admitted upon information and belief.

11. Wilkey admits that Hamilton County provides funding for the operation of the Hamilton County Sheriff's Office (hereinafter referred to as HCSO). Wilkey admits that the HCSO was created by statute by the State of Tennessee. As to the remaining allegations contained in paragraph 11 of the complaint, Wilkey is without sufficient information or knowledge to form a belief as to said allegations and therefore denies the same.

12. Wilkey denies that the County created the HCSO as it was created by statutes passed by the Tennessee Legislature and the Tennessee Constitution. Wilkey admits that the HCSO is a law enforcement agency that is regulated to a degree by the laws of Tennessee. The

remaining allegations contained in paragraph 12 are legal conclusions and do not require a response from Wilkey.

13. The allegations contained in paragraph 13 do not require a response from this Defendant.

14. The allegations contained in paragraph 14 of the complaint are admitted as to Wilkey, but Wilkey denies any negligence or wrongdoing as alleged by the Plaintiff. As to the other Defendants, these allegations do not require a response from Wilkey.

15. Wilkey admits the allegations contained in paragraph 15 that the vehicle that the Plaintiff was riding in had five juvenile female occupants and one adult male.

16. Wilkey is without sufficient information or knowledge to form a belief as to whether or not the vehicle driven by A.M. had factory installed window tint, and therefore denies that allegation contained in paragraph 16. As to the allegation of whether the window tint on this vehicle violated Tennessee law, this is a legal conclusion and Wilkey denies this allegation contained in paragraph 16. T.C.A. § 55-9-107 defines what window tint is unlawful, and it provides that the burden is on the offender to prove the window tint is in compliance.

17. Wilkey admits the allegation contained in paragraph 17 that it was raining during the traffic stop but would not refer to it as "torrential". Wilkey does not recall if it was cold that April night and therefore denies that allegation.

18. Wilkey admits that both he and Defendant McRae followed the car the Plaintiff was riding in for some distance. The address the vehicle was registered to was the same address that came back as the residence of one Patty McKenzie who had an outstanding warrant out for her arrest. The last name of the registered owner of the car was McKenzie. It turned out

that Patty McKenzie's daughter was driving the car and that Patty McKenzie was not in the vehicle in question. All remaining allegations contained in paragraph 18 are denied.

19. The allegation contained in paragraph 19 is admitted.

20. Wilkey is without sufficient information and knowledge to form a belief as to the allegations contained in paragraph 20 and therefore denies the same.

21. Wilkey is without sufficient information and knowledge to form a belief as to the allegations contained in paragraph 21 and therefore denies the same.

22. The allegations contained in paragraph 22 are denied.

23. The allegations contained in paragraph 23 are denied.

24. The allegations contained in paragraph 24 are denied.

25. The allegations contained in paragraph 25 do not address Wilkey and therefore do not require a response from him.

26. The allegations contained in paragraph 26 do not address Wilkey and therefore do not require a response from him.

27. The allegations contained in paragraph 27 do not address Wilkey and therefore do not require a response from him.

28. The allegations contained in paragraph 28 do not address Wilkey and therefore do not require a response from him.

29. The allegations contained in paragraph 29 are admitted upon information and belief.

30. The allegations contained in paragraph 30 are denied.

31. The allegations contained in paragraph 31 are denied.

32. This allegations contained in paragraph 32 are denied.

33. The allegations contained in paragraph 33 are denied.

34. The allegations contained in paragraph 34 are denied.

35. The allegation contained in paragraph 35 is so vague as to require denial by Wilkey.

36. The allegations contained in paragraph 36 are denied.

37. Wilkey is without sufficient information and knowledge to form a belief as to the allegations contained in paragraph 37 and therefore denies the same.

38. The allegations contained in paragraph 38 are denied.

39. The allegations contained in paragraph 39 are denied.

40. Wilkey denies in paragraph 40 any inappropriate touching. All other allegations in paragraph 40 are denied.

41. Wilkey denies in paragraph 41 any inappropriate touching. All other allegations in paragraph 41 are denied.

42. Wilkey denies in paragraph 42 groping the Plaintiff or any other inappropriate touching. All other allegations in paragraph 42 are denied.

43. Wilkey denies in paragraph 43 groping the Plaintiff or any other inappropriate touching. All other allegations in paragraph 43 are denied.

44. The allegations contained in paragraph 44 are admitted.

45. The allegations contained in paragraph 45 are so vague as to require denial by Wilkey.

46. The allegations contained in paragraph 46 are denied.

47. Wilkey admits in paragraph 47 that after he left with the driver of the car to transport her to the Hamilton County Juvenile Detention Center for booking, McRae stayed with the remaining juveniles as they called for family and waited on family to pick them up.

48. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 48, and therefore denies the same.

49. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 49, and therefore denies the same.

50. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 50, and therefore denies the same.

51. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 51, and therefore denies the same.

52. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 52, and therefore denies the same.

53. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 53, and therefore denies the same.

54. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 54, and therefore denies the same.

55. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 55, and therefore denies the same.

56. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 56, and therefore denies the same.

57. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 57, and therefore denies the same.

58. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 58, and therefore denies the same.

59. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 59, and therefore denies the same.

60. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 60, and therefore denies the same.

61. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 61, and therefore denies the same.

62. The allegations contained in paragraph 62 are admitted.

63. Wilkey recalls the conclusion that the smell of marijuana was present as they approached the vehicle after the window was opened by the driver. Wilkey asserts that a marijuana pipe with residue was found in the possession of the driver of the car. The address the vehicle was registered to was the same address that came back as the residence of one Patty McKenzie who had an outstanding warrant out for her arrest. The last name of the registered owner of the car was McKenzie. It turned out that Patty McKenzie's daughter was driving the car and that Patty McKenzie was not in the vehicle in question. Wilkey denies in paragraph 63 groping the Plaintiff or any other inappropriate touching. All remaining allegations contained in paragraph 63 are denied.

64. Wilkey refers to his answers to those paragraphs and incorporates them as if stated fully herein.

65. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 65, and therefore denies the same.

66. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 66, and therefore denies the same.

67. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 67, and therefore denies the same.

68. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 68, and therefore denies the same.

69. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 69, and therefore denies the same.

70. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 70, and therefore denies the same.

71. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 71, and therefore denies the same.

72. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 72, and therefore denies the same.

73. Wilkey is without sufficient information and knowledge to form a belief as to the allegations contained in paragraph 73 and therefore denies the same.

74. Wilkey is without sufficient information and knowledge to form a belief as to the allegations contained in paragraph 74 and therefore denies the same.

75. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 75, and therefore denies the same.

76. Wilkey is without sufficient information and knowledge to form a belief as to the allegations contained in paragraph 76 and therefore denies the same.

77. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 77, and therefore denies the same.

78. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 78, and therefore denies the same.

79. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 79, and therefore denies the same.

80. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 80, and therefore denies the same.

81. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 81, and therefore denies the same.

82. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 82, and therefore denies the same.

83. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 83, and therefore denies the same.

84. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 84, and therefore denies the same.

85. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 85, and therefore denies the same.

86. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 86, and therefore denies the same.

87. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 87, and therefore denies the same.

88. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 88, and therefore denies the same.

89. The allegations contained in paragraph 89 are admitted.

90. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 90, and therefore denies the same.

91. While Wilkey has some recollection of a press conference conducted by Sheriff Hammond that related to the Mitchell case, Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 91, and therefore denies the same.

92. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 92, and therefore denies the same.

93. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 93, and therefore denies the same.

94. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 94, and therefore denies the same.

95. Wilkey admits that he has been indicted. The remaining allegations contained in paragraph 95 are denied.

96. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 96, and therefore denies the same.

97. The allegations contained in paragraph 97 are admitted.

98. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 98, and therefore denies the same.

99. The allegations contained in paragraph 99 do not require a response from this Defendant.

100. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 100, and therefore denies the same.

101. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 101, and therefore denies the same.

102. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 102, and therefore denies the same.

103. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 103, and therefore denies the same.

104. Wilkey refers to his answers to those paragraphs and incorporates them as if stated fully herein.

105. Wilkey admits that he has a duty as a law enforcement officer to intervene if any citizen including the Plaintiff is being sexually assaulted. The remaining allegations contained in paragraph 105 are denied.

106. Wilkey admits that he has a duty as a law enforcement officer to report misconduct by other officers up his chain of command. The remaining allegations contained in paragraph 106 are denied.

107. The allegations contained in paragraph 107 are so vague that Wilkey is unable to form a belief as to these allegations and therefore denies the same.

108. Wilkey admits that he has a duty as a law enforcement officer to intervene if any citizen including the Plaintiff is being sexually assaulted. Wilkey admits that he has a duty as a law enforcement officer to report misconduct by other officers up his chain of command. The remaining allegations contained in paragraph 108 are denied.

109. The allegations contained in paragraph 109 are denied.

110. The allegations contained in paragraph 110 are denied.

111. The allegations contained in paragraph 111 are denied.

112. The allegations contained in paragraph 112 are denied.

113. The allegations contained in paragraph 113 are denied.

114. The allegations contained in paragraph 114 are denied.

115. The allegations contained in paragraph 115 are denied.

116. The allegations contained in paragraph 116 are denied.

117. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 117, and therefore denies the same.

118. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 118, and therefore denies the same.

119. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 119, and therefore denies the same.

120. The allegations contained in paragraph 120 are denied.

121. The allegations contained in paragraph 121 do not require a response from this Defendant.

122. Wilkey refers to his answers to those paragraphs and incorporates them as if stated fully herein.

123. Wilkey admits that he has a duty not to seize any citizen including the Plaintiff without probable cause. The remaining allegations contained in paragraph 123 are denied.

124. Wilkey admits that any law enforcement officer has a duty to stop sexual assault. The remaining allegations contained in paragraph 124 are denied.

125. The allegations contained in paragraph 125 are so vague that Wilkey is unable to form a belief as to these allegations and therefore denies the same.

126. Wilkey admits that he has a duty as a law enforcement officer to intervene if any citizen including the Plaintiff is being sexually assaulted. Wilkey admits that he has a duty as a law enforcement officer to report misconduct by other officers up his chain of command. The remaining allegations contained in paragraph 126 are denied.

127. The allegations contained in paragraph 127 are denied.

128. The allegations contained in paragraph 128 are denied.

129. The allegations contained in paragraph 129 are denied.

130. The allegations contained in paragraph 130 are denied.

131. The allegations contained in paragraph 131 are denied.

132. The allegations contained in paragraph 132 are denied.

133. The allegations contained in paragraph 133 are denied.

134. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 134, and therefore denies the same.

135. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 135, and therefore denies the same.

136. The allegations contained in paragraph 136 are denied.

137. The allegations contained in paragraph 137 are denied.

138. The allegations contained in paragraph 138 are denied.

139. The allegations contained in paragraph 139 are denied.

140. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 140, and therefore denies the same.

141. The allegations contained in paragraph 141 are denied.

142. The allegations contained in paragraph 142 do not require a response from this Defendant.

143. Wilkey refers to his answers to those paragraphs and incorporates them as if stated fully herein.

144. Wilkey admits that he has a duty not to search any citizen including the Plaintiff without probable cause. Wilkey smelled marijuana in the Plaintiff's vehicle and discovered drug paraphernalia on the Plaintiff upon reasonably searching her. The remaining allegations contained in paragraph 144 are denied.

145. The allegations contained in paragraph 145 are denied.

146. The allegations contained in paragraph 146 are denied.

147. The allegations contained in paragraph 147 are denied.

148. The allegations contained in paragraph 148 are denied.

149. The allegations contained in paragraph 149 are denied.

150. The allegations contained in paragraph 150 are denied.

151. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 151, and therefore denies the same.

152. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 152, and therefore denies the same.

153. The allegations contained in paragraph 153 are denied.

154. The allegations contained in paragraph 154 are denied.

155. The allegations contained in paragraph 155 are denied.

156. The allegations contained in paragraph 156 are denied.

157. Wilkey is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 157, and therefore denies the same.

158. The allegations contained in paragraph 158 are denied.

159. The allegations contained in paragraph 159 do not require a response from this Defendant.

160. Wilkey refers to his answers to those paragraphs and incorporates them as if stated fully herein.

161. The allegations contained in paragraph 161 are admitted.

162. The allegations contained paragraph 162 state a legal conclusion and therefore do not require a response from Wilkey.

163. Wilkey admits that the Tennessee Constitution, article I, section 13, prohibits treating citizens with unnecessary rigor. The remaining allegations contained in paragraph 163 are denied.

164. The allegations contained in paragraph 164 are denied.

165. The allegations contained in paragraph 165 do not address Wilkey and therefore do not require a response from this Defendant.

166. The allegations contained in paragraph 166 are denied.

167. The allegations contained in paragraph 167 do not require a response from this Defendant.

168. Wilkey refers to his answers to those paragraphs and incorporates them as if stated fully herein.

169. The allegations contained in paragraph 169 are denied.

170. The allegations contained in paragraph 170 are denied.

171. The allegations contained in paragraph 171 do not require a response from this Defendant.

172. Wilkey refers to his answers to those paragraphs and incorporates them as if stated fully herein.

173. The allegations contained in paragraph 173 are denied.

174. The allegations contained in paragraph 174 are denied.

175. The allegations contained in paragraph 175 do not require a response from this Defendant.

176. Wilkey refers to his answers to those paragraphs and incorporates them as if stated fully herein.

177. The allegations contained in paragraph 177 are so vague that Wilkey is unable to form a belief as to these allegations and therefore denies the same.

178. The allegations contained in paragraph 178 are denied.

179. The allegations contained in paragraph 179 are denied.

180. The allegations contained in paragraph 180 are denied.

181. The allegations contained in paragraph 181 do not require a response from this Defendant.

Now having fully answered the complaint filed against him, the Defendant requests it be dismissed with his costs. In the alternative, the Defendant demands a jury be empaneled to try the issues when joined.

Respectfully submitted,

By: */s/* Micah Guster
Micah Guster BPR No. 29586
1502 McCallie Ave
Chattanooga, TN 37404
Telephone: (423) 485-8088