# IN THE UNITED STATES DISTRICT COURT EASTERN DISTRICT OF TENNESSEE AT CHATTANOOGA

| | | |
|---|---|---|
| **K.G.J.**, (a minor child), through guardians and next friends **MICHAEL** and **JENNIFER JOHNSON** | ) ) ) | |
| *Plaintiff,* | ) | |
| v. | ) | **No. 1:20-CV-00017** |
| | ) | |
| **HAMILTON COUNTY GOVERNMENT** | ) ) | |
| **DEPUTY DANIEL WILKEY,** in his capacity as deputy sheriff for Hamilton County Government and, in his individual capacity, | ) ) ) ) | **McDonough/Steger** |
| | ) | |
| **DEPUTY TYLER MCRAE,** in his capacity as deputy sheriff for Hamilton County Government and, in his individual capacity, and | ) ) ) ) ) | **JURY DEMAND** |
| | **)** | |
| | **)** | |
| *Defendants,* | ) | |

---

## DEFENDANT TYLER MCRAE'S ANSWER TO COMPLAINT

---

Comes now Deputy Tyler McRae (hereinafter "McRae") and for answer to the complaint filed against him would show to the court as follows.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

McRae denies that he deprived the Plaintiff of any of her constitutional rights or that in any way violated Title 42 U.S.C. § 1983 or of the United States Code, the United States Constitution,

the Tennessee Constitution, the common law of Tennessee or any Tennessee statute by performing his duties during his response to a traffic stop at the location of these events.

### THIRD DEFENSE

McRae specifically asserts that he was acting in good faith and in the good-faith performance of his job and duties for which he is entitled to the defense of qualified immunity or good faith immunity from any of his actions in the reasonable performance of his duties as it relates to this Plaintiff.

### FOURTH DEFENSE

McRae asserts that his actions were objectively reasonable in connection with the attempt to respond to back up for a fellow officer at this traffic stop. McRae denies that he used any excessive force against the Plaintiff.

### FIFTH DEFENSE

To the extent that any of the Plaintiff's claims can be considered a Tennessee tort law claim, the defendant specifically asserts the defense of comparative negligence. McRae specifically assert that the Plaintiff was guilty of comparative fault and that her fault constitutes 100% of the fault, thereby barring his claims as a matter of law.

### SIXTH DEFENSE

McRae would submit that neither Hamilton County nor any official policymaker adopted any policy, custom, or practice as to the use of force or the arrest power with deliberate indifference or malice or sadistic motive contrary to the rights of the Plaintiff. Further, that no actions by the Hamilton County or any official policymaker was intended to deprive the Plaintiff of due process of law. McRae would show that there was no malicious or sadistic action by him,

or any officer and that no action of such officers occurred as a result of any unconstitutional policy, custom, or practice adopted by the Hamilton County.

## SEVENTH DEFENSE

The Defendant named in this lawsuit is entitled to be dismissed from it in his official capacity as any action against him in his official capacity is actually brought against a governmental entity, Hamilton County, which is already named as a Defendant in this lawsuit.

## EIGHTH DEFENSE

In the alternative, McRae specifically assert all defenses applicable to him under the Tennessee Governmental Tort Liability Act "TGTLA", Tenn. Code Ann. § 29-20-101 *et seq.*, and incorporates by reference herein all defenses specified therein. In particular, McRae relies upon the following provisions:

A. Tenn. Code Ann. § 29-20-205 set out nine (9) specific exceptions from liability where negligent acts or omissions of any employee occur within the scope of employment, including, but not limited to:

  i. Tenn. Code Ann. § 29-20-205(1): The exercise or performance or the failure to exercise or perform a discretionary function, whether or not the discretion is abused.

  ii. Tenn. Code Ann. § 29-20-205(2): False imprisonment pursuant to a traffic stop, false arrest, malicious prosecution, intentional trespass, abuse of process, libel, slander, deceit, interference with contract rights, infliction of mental anguish, invasion of privacy, or civil rights.

  iii. Tenn. Code Ann. § 29-20-205(5): The institution or prosecution of any judicial or administrative proceeding, even if malicious or without probable cause.

      iv.     Tenn. Code Ann. § 29-20-205(6): Misrepresentation by an employee whether or not such is negligent or intentional.

B. Tenn. Code Ann. § 29-20-307 provides for the right to trial without a jury;

C. Tenn. Code Ann. § 29-20-403 limits any liability of governmental entities to the statutory limits of liability applicable as of July 7, 2012.

## NINTH DEFENSE

McRae in his official capacities, is immune from liability and not a proper party under the TGTLA for an act or omission for which the immunity of the governmental entity is removed by the TGTLA.

## TENTH DEFENSE

The Plaintiff's Complaint is barred by the applicable statute of limitations or laches.

## ELEVENTH DEFENSE

McRae is presently without information as to the availability or applicability of any other affirmative defenses, in addition to those plead above, and reserves the right to amend his Answer to plead any affirmative defenses or matters of avoidance.

## TWELFTH DEFENSE

With respect to the specific allegations of the Complaint, McRae respond as follows:

1.      The allegations contained in paragraph 1 are denied.

2.      The allegations contained in paragraph 2 do not require a response from this Defendant.

3.      With regards to the allegations in paragraph 3, McRae is without sufficient information and knowledge to form a belief, and therefore denies same.

4.        The allegations contained paragraph 4 do not address McRae, and therefore do not require a response from him.

5.        The allegations contained in paragraph 5 are admitted.

6.        The allegations contained in paragraph 6 are denied.

7.        The allegations contained in paragraph 7 are denied.

8.        With regards to the allegations in paragraph 8, McRae admits that the United States District Court has jurisdiction over the claims made in this complaint. The remaining allegations contained in paragraph 8 are denied.

9.        With regards to the allegations in paragraph 9, McRae admits that venue is appropriate in both Hamilton County Circuit Court and the United States District Court. McRae admits that Hamilton County is a political subdivision of the State of Tennessee. McRae is a resident of Bradley County, Tennessee. McRae is without sufficient information or knowledge to form a belief as to the residence of Defendant Wilkey or the Plaintiffs or any other allegations in this paragraph, and therefore denies same.

10.        The allegations contained in the paragraph 10 are admitted.

11.        With regards to the allegations in paragraph 11, McRae admits that Hamilton County provides funding for the operation of the Hamilton County Sheriff's Office (hereinafter referred to as HCSO).  McRae admits that the HCSO was created by statute by the State of Tennessee.   As to the remaining allegations contained in paragraph 11 of the complaint, McRae is without sufficient information or knowledge to form a belief as to said allegations, and therefore denies same.

12.        With regards to the allegations in paragraph 12, McRae denies that the County created the HCSO as it was created by statutes passed by the Tennessee Legislature and the

Tennessee Constitution. McRae admits that the HCSO is a law enforcement agency that is regulated to a degree by the laws of Tennessee. The remaining allegations contained in paragraph 12 are legal conclusions and do not require a response from McRae.

13.     The allegations contained in paragraph 13 do not require a response from this Defendant.

14.      The allegations contained in paragraph 14 of the complaint are admitted as to McRae. As to the other Defendants, these allegations do not require a response from McRae.

15.     With regards to the allegations in paragraph 15, McRae admits that the vehicle that A.M. was driving had five juvenile female occupants[1] and one adult male.

16.     With regards to the allegations in paragraph 16, McRae is without sufficient information or knowledge to form a belief as to whether or not the vehicle driven by A.M. had factory installed window tint, and therefore denies that allegation.  As to the allegation of whether the window tint on this vehicle violated Tennessee law, this is a legal conclusion and McRae denies this allegation. T.C.A. § 55-9-107 defines what window tint is legal and it provides that the burden is on the offender to prove the window tint complies with Tennessee law.

17.     With regards to the allegations in paragraph 17, McRae admits that it was raining during the traffic stop but would not refer to it as "torrential".  McRae does not recall if it was cold that April night and therefore denies that allegation.

18.     With regards to the allegations in paragraph 18, McRae admits that both he and Defendant Wilkey followed the car the Plaintiff was driving for some distance. The address

---

[1] This number includes the Plaintiff.

the vehicle was registered to be the same address that came back as the residence of one Patty McKenzie who had an outstanding warrant out for her arrest. The last name of the registered owner of the car was McKenzie. It turned out that A.M. is Patty McKenzie's daughter and was driving the car and that Patty McKenzie was not in the vehicle in question. The remaining allegations contained in the paragraph marked 18 are denied.

19.       The allegations contained in paragraph 19 are admitted. McRae had been following the car the Plaintiff was in also.

20.       McRae is without sufficient information and belief as to the allegations contained in paragraph 20, and therefore denies same.

21.       McRae does recall the stop being close to a trailer park, but not at the entrance. The remaining allegations contained in paragraph 21 are denied.

22.       The allegations contained in paragraph 22 are admitted.

23.       McRae is without sufficient information and belief as to the allegations contained in paragraph 23, and therefore denies same.

24.       The allegations contained in paragraph 24 are admitted to an extent. McRae recalls smelling marijuana as he was approaching the vehicle and does recall Wilkey commenting about said smell. That being said, McRae is without sufficient information and belief as to the remaining allegations contained in paragraph 24, and therefore denies same.

25.       With regards to paragraph 25, McRae does not recall whether the occupants of the car were told to place their hands on their laps and not to move while the traffic stop was being conducted, however, this is normal practice under the circumstances that existed during this stop. McRae further does not recall if occupants of the car were denied the use of their cell phones until the stop and any appropriate pat down searches are performed

(Terry Stop) of the occupants of a car. Therefore, he is without sufficient information and knowledge to form a belief as to the allegations contained in paragraph 25, and therefore denies same.

26.     With regards to the allegations in paragraph 26, McRae recalls making a comment to one or more of the occupants of the car that they could not use their phones as they might call someone to assist them and that could result in the officers being attacked. The remaining allegations, however, are denied.

27.     With regards to the allegations in paragraph 27, McRae admits to the extent that the adult male occupant got out of the car upon request and was patted down per *Terry v. Ohio*. McRae is without sufficient information and knowledge to form a belief as to the remaining allegations contained in paragraph 27, and therefore denies same.

28.     With regards to paragraph 28, McRae does not recall whether the occupants of the car were told to place their hands on their laps and not to move around in the car while the traffic stop was being conducted, however, this is normal practice under the circumstances that existed during this stop. Therefore, he is without sufficient information and knowledge to form a belief as to the allegations contained in paragraph 28, and therefore denies same.

29.     McRae admits that all occupants of the car exited it upon request eventually during this stop. As to the remaining allegations contained in paragraph 29, McRae is without sufficient information and knowledge to form a belief as to said allegations and therefore denies same.

30.     The allegations contained in paragraph 30 are denied.

31.     McRae admits that one female occupant of the car said she thought only female officers could search her. The remaining allegations contained in paragraph 31 are denied.

32.     The allegations contained in paragraph 32 are denied.

33.     The allegations in paragraph 33 to Wilkey "groping and fondling" A.O.K are denied. With regards to the remaining allegations, McRae is without sufficient information and knowledge to form a belief, and therefore denies same.

34.     McRae is without sufficient information and belief as to the allegations contained in paragraph 34, and therefore denies same.

35.     The allegations contained in paragraph 35 are so vague that McRae is unable to form a belief as to these allegations and therefore denies same.

36.     The allegations contained in paragraph 36 are denied.

37.     McRae is without sufficient information and belief as to the allegations contained in paragraph 37, and therefore denies same.

38.     McRae is without sufficient information and belief as to the allegations contained in paragraph 38, and therefore denies same.

39.     McRae is without sufficient information and belief as to the allegations contained in paragraph 39, and therefore denies same.

40.     The allegations contained in paragraph 40 are denied.

41.     The allegations contained in paragraph 41 are denied.

42.     The allegations contained in paragraph 42 are denied.

43.      The allegations contained in paragraph 43 are denied.

44.     After the stop was complete, the adult male advised McRae that he lived very close by and preferred to walk home as opposed to trying to get a ride home.  McRae consented to this and the adult male walked toward the trailer park.  As to the remaining allegations

contained in paragraph 44, McRae is without sufficient information and knowledge to form a belief as to said allegations and therefore denies same.

45.     McRae is without sufficient information and belief as to the allegations contained in paragraph 45, and therefore denies same.

46.     The allegations contained in paragraph 46 are denied.

47.     With regards to the allegations in paragraph 47, McRae allowed all occupants of the car to call for family to pick them up except for the adult male who lived nearby and chose to walk home. The remaining minors waited inside the car while their parents came to pick them up. Any other allegations are denied.

48.     McRae is without sufficient information and belief as to the allegations contained in paragraph 48, and therefore denies same.

49.     McRae is without sufficient information and belief as to the allegations contained in paragraph 49, and therefore denies same.

50.     McRae is without sufficient information and belief as to the allegations contained in paragraph 50, and therefore denies same.

51.     McRae is without sufficient information and belief as to the allegations contained in paragraph 51, and therefore denies same.

52.     With regards to the allegations in paragraph 52, McRae admits that Trista Rice was assigned to investigate the complaints made to HCSO by one of the Plaintiffs. However, McRae is without sufficient information and knowledge to form a belief as to the remaining allegations contained in the paragraph marked 52, and therefore denies same.

53.     McRae is without sufficient information and belief as to the allegations contained in paragraph 53, and therefore denies same.

54.     McRae is without sufficient information and belief as to the allegations contained in paragraph 54, and therefore denies same.

55.     McRae is without sufficient information and belief as to the allegations contained in paragraph 55, and therefore denies same.

56.     McRae is without sufficient information and belief as to the allegations contained in paragraph 56, and therefore denies same.

57.     McRae is without sufficient information and belief as to the allegations contained in paragraph 57, and therefore denies same.

58.     McRae is without sufficient information and belief as to the allegations contained in paragraph 58, and therefore denies same.

59.     McRae is without sufficient information and belief as to the allegations contained in paragraph 59, and therefore denies same.

60.     McRae is without sufficient information and belief as to the allegations contained in paragraph 60, and therefore denies same.

61.     With regards to the allegations in paragraph 61, McRae admits that A.M. was charged with making a false report. However, McRae is without sufficient information and belief as to the remaining allegations contained in paragraph 61, and therefore denies same.

62.     The allegations contained in paragraph 62 are admitted.

63.     The allegations contained in paragraph 63 are denied.

64.     McRae relies on his prior responses to the paragraphs referred to in paragraph 64 by the Plaintiff.

65.     McRae is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 65, and therefore denies same.

66.     McRae is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 66, and therefore denies same.

67.     McRae is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 67, and therefore denies same.

68.     McRae is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 68, and therefore denies same.

69.     McRae is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 69, and therefore denies same.

70.     McRae is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 70, and therefore denies same.

71.     McRae is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 71, and therefore denies same.

72.     McRae is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 72, and therefore denies same.

73.     McRae is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 73, and therefore denies same.

74.     McRae is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 74, and therefore denies same.

75.     McRae is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 75, and therefore denies same.

76.     McRae is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 76, and therefore denies same.

77.     McRae is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 77, and therefore denies same.

78.     The allegations contained in paragraph 78 are admitted.

79.     McRae is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 79, and therefore denies same.

80.     McRae is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 80, and therefore denies same.

81.     The statement in the paragraph marked 81 is a legal conclusion and does not require a response from McRae.

82.     The allegations contained in paragraph 82 are denied.

83.     The allegations contained in paragraph 83 are denied.

84.     The allegations contained in paragraph 84 are denied.

85.     McRae is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 85, and therefore denies same.

86.     McRae is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 86, and therefore denies same.

87.     McRae is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 87, and therefore denies same.

88.     McRae is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 88, and therefore denies same.

89.     The allegations contained in paragraph 89 are admitted.

90.     McRae is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 90, and therefore denies same.

91.    With regards to the allegations in paragraph 91, McRae has some recollection of a press conference conducted by Sheriff Hammond regarding Mitchell, however, he is without sufficient information and knowledge to form a belief, and therefore denies same.

92.    McRae is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 92, and therefore denies same.

93.    McRae is without sufficient information and knowledge to form a belief as to allegations contained in paragraph 93, and therefore denies same.

94.    With regards to the allegations in paragraph 94, McRae is aware of one internal affairs complaint made against Wilkey. However, McRae is without sufficient information and knowledge to form a belief as to the remaining allegations, and therefore denies same.

95.    With regards to the allegations in paragraph 95, McRae admits that Wilkey has been indicted by the Hamilton County Grand Jury for a number of charges including rape, sexual battery and reckless endangerment.  As Webster's dictionary defines a "monster" as among other things a "grotesque imaginary creature", McRae is without sufficient information and knowledge to form a belief as to the remaining allegations, and therefore denies same.

96.    The allegations contained in paragraph 96 are denied.

97.    The allegations contained in paragraph 97 are admitted.

98.    McRae is without sufficient information and knowledge to form a belief as to the allegations contained in paragraph 98, and therefore denies the same.

99.    The allegations contained in paragraph 99 are admitted.

100.    McRae is without sufficient information and knowledge to form a belief as to the allegations contained in paragraph 100, and therefore denies the same.

101.    McRae is without sufficient information and knowledge to form a belief as to the allegations contained in paragraph 101, and therefore denies the same.

102.    McRae is without sufficient information and knowledge to form a belief as to the allegations contained in paragraph 102, and therefore denies the same.

103.    McRae is without sufficient information and knowledge to form a belief as to the allegations contained in paragraph 103, and therefore denies the same.

104.    McRae relies on his prior responses to the paragraphs referred to paragraph 104 by the Plaintiff.

105.    With regards to the allegations in paragraph 105, McRae admits that he has a duty as a law enforcement officer to intervene if any citizen including the Plaintiff is being sexually assaulted. The remaining allegations contained in paragraph 105 are denied.

106.    With regards to the allegations in paragraph 106, McRae admits that he has a duty as a law enforcement officer to report misconduct by other officers up his chain of command. The remaining allegations are denied.

107.    The allegations contained in paragraph 107 are so vague that McRae is unable to form a belief as to these allegations and therefore denies same.

108.    With regards to the allegations in paragraph 108, McRae admits that he has a duty as a law enforcement officer to intervene if any citizen including the Plaintiff is being sexually assaulted. McRae admits that he has a duty as a law enforcement officer to report misconduct by other officers up his chain of command. The remaining allegations contained in paragraph 108 are denied.

109.    The allegations contained in paragraph 109 are denied.

110.    The allegations contained in paragraph 110 are denied.

111.     The allegations contained in paragraph 111 are denied.

112.     The allegations contained in paragraph 112 are denied.

113.     The allegations contained in paragraph 113 are denied.

114.     The allegations contained in paragraph 114 are denied.

115.     The allegations contained in paragraph 115 are denied.

116.     The allegations contained in paragraph 116 are denied.

117.     The allegations contained in paragraph 117 are denied.

118.     The allegations contained in paragraph 118 are denied.

119.     The allegations contained in paragraph 119 are denied.

120.     With regards to the allegations in paragraph 120, McRae admits he acted under color of law during the stop that forms the basis of this complaint. As to the remaining allegations, McRae denies same.

121.     The allegations contained in paragraph 121 do not require a response from McRae.

122.     McRae relies on his prior responses to the paragraphs referred to in paragraph 122 by the Plaintiff.

123.     With regards to the allegations in paragraph 123, McRae admits that he has a duty as a law enforcement officer not to arrest any citizen including the Plaintiff without probable cause.  The remaining allegations contained in paragraph 123 are denied.

124.     The allegations in paragraph 124 are denied.

125.     The allegations contained in paragraph 125 are so vague that McRae is unable to form a belief as to these allegations and therefore denies same.

126.     With regards to the allegations contained in paragraph 126, McRae admits that he

has a duty as a law enforcement officer to intervene if any citizen including the Plaintiff is

being sexually assaulted. McRae admits that he has a duty as a law enforcement officer to

report misconduct by other officers up his chain of command. The remaining allegations

contained in paragraph 126 are denied.

127.     The allegations contained in paragraph 127 are denied.

128.     The allegations contained in paragraph 128 are denied.

129.     The allegations contained in paragraph 129 are denied.

130.     The allegations contained in paragraph 130 are denied.

131.     The allegations contained in paragraph 131 are denied.

132.     The allegations contained in paragraph 132 are denied.

133.     The allegations contained in paragraph 133 are denied.

134.     The allegations contained in paragraph 134 are denied.

135.     The allegations contained in paragraph 135 are denied.

136.     The allegations contained in paragraph 136 are denied.

137.     The allegations contained in paragraph 137 are denied.

138.     The allegations contained in paragraph 138 are denied.

139.     The allegations contained in paragraph 139 are denied.

140.     The allegations contained in paragraph 140 are denied.

141.     With regards to the allegations in paragraph 141, McRae admits that he was

acting under color of law during the traffic stop this case is based on. The remaining

allegations contained in paragraph 141 are denied.

142.     The allegations contained in paragraph 142 do not require a response from McRae.

143.     McRae relies on his prior responses to the paragraphs referred to in the paragraph marked 143 by the Plaintiff.

144.     With regards to the allegations in paragraph 144, McRae admits that he has a duty as a law enforcement officer not to search any citizen including the Plaintiff without adequate cause under *Terry v. Ohio* or probable cause. The remaining allegations contained in the paragraph marked 144 are denied.

145.     The allegations contained in paragraph 145 are denied.

146.     The allegations contained in paragraph 146 are denied.

147.     The allegations contained in paragraph 147 are denied.

148.     The allegations contained in paragraph 148 are denied.

149.     The allegations contained in paragraph 149 are denied.

150.     The allegations contained in paragraph 150 are denied.

151.     The allegations contained in paragraph 151 are denied.

152.     The allegations contained in paragraph 152 are denied.

153.     The allegations contained in paragraph 153 are denied.

154.     The allegations contained in paragraph 154 are denied.

155.     The allegations contained in paragraph 155 are denied.

156.     The allegations contained in paragraph 156 are denied.

157.     The allegations contained in paragraph 157 are denied.

158.     With regards to the allegations in paragraph 158, McRae admits that he was acting under color of law during the traffic stop this case is based on. The remaining allegations contained in paragraph 158 are denied.

159.     The allegations contained in paragraph 159 do not require a response from McRae.

160.     McRae relies on his prior responses to the paragraphs referred to in paragraph 160 by the Plaintiff.

161.     With regards to the allegations in paragraph 161, McRae admits that he was acting under color of law during the traffic stop this case is based on. The remaining allegations contained in paragraph 161 are denied.

162.     The statement in paragraph 162 states a legal conclusion and does not require a response from McRae.

163.     With regards to the allegations in paragraph 163, McRae admits that he has a duty as a law enforcement officer to comply with the laws of this state and country. The remaining statements contained in paragraph 163 are legal conclusions and to not require a response from McRae.

164.     The allegations contained in paragraph 164 are denied.

165.     With regards to the allegations contained in paragraph 165, McRae admits that the County through the HCSO has a duty to comply with state law as to the hiring and training of law enforcement officers. McRae admits that the County through the HCSO disciplines and supervises its law enforcement officers. As to the remaining allegations contained in paragraph 165, it is unclear if they are directed at McRae and for that reason, McRae denies same.

166.     The allegations contained in paragraph 166 are denied.

167.     The allegations contained in paragraph 167 do not require a response from McRae.

168.     McRae relies on his prior responses to the paragraphs referred to in paragraph 168 by the Plaintiff.

169.     The allegations contained in paragraph 169 are denied.

170.     The allegations contained in paragraph 170 are denied.

171.     The allegations contained in paragraph 171 do not require a response from McRae.

172.     McRae relies on his prior responses to the paragraphs referred to in paragraph 172 by the Plaintiff.

173.     The allegations contained in paragraph 173 are denied.

174.     The allegations contained in paragraph 174 are denied.

175.     The allegations contained in paragraph 175 do not require a response from McRae.

176.     McRae relies on his prior responses to the paragraphs referred to in paragraph 176 by the Plaintiff.

177.     The allegations in paragraph 177 are so vague that McRae is unable to form a belief as to their truthfulness and therefore denies same.

178.     The allegations contained in paragraph 178 are denied.

179.     The allegations in paragraph 179 are so vague that McRae is unable to form a belief as to their truthfulness and therefore denies same.

180.     The allegations contained in paragraph 180 are denied.

181.     The allegations contained in paragraph 181 do not require a response from McRae.

182.     McRae denies all the allegations contained in the Prayer for Relief marked A through H and denies that this Plaintiff is entitled to any damages, relief or judgment in any form or for any reason.

183.    Any and all allegations not specifically denied in this answer are now generally

Now having fully answered the complaint filed against him, McRae request it be dismissed

with his costs.  In the alternative, this Defendant demands a jury be empaneled to try the

issues when joined.


                              Respectfully submitted,

                              **TIDWELL AND ASSOCIATES**

                              */s/ W. Gerald Tidwell, Jr.*
                              **W. Gerald Tidwell, Jr., BPR# 10136**
                              P.O. Box 4369
                              1810 McCallie Avenue
                              Chattanooga, TN 37404
                              T: 423.602.7511
                              wgt@tidwellandassociates.com
                              ***Attorneys for Defendant Deputy McRae***